IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| | Plaintiff, | ) ) ) |
| v. | | ) CASE NO. ) 12-CV-422-GFK-TLW |
| (1) | KANBAR PROPERTY MANAGEMENT, L.L.C., | ) ) ) |
| | Defendant. | ) JURY TRIAL DEMANDED ) |

**COMPLAINT**

**NATURE OF THE ACTION**

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to the Charging Party, Toni Strength. As alleged with greater particularity in paragraph 8 below, Toni Strength was terminated by Kanbar Property Management L.L.C. ("KPM") on October 29, 2010 because of her age, 53.  The former KPM chief operating officer, Suhki Ghuman, hired two new female property managers (ages 39 and 23) to replace Ms. Strength on November 1, 2010, because he wanted "younger and prettier" property managers to meet with and entertain potential tenants after regular work hours.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1

1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of

the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the

"ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor

Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217 .

2.      The employment practices alleged to be unlawful were committed within

the jurisdiction of the United States District Court for the Northern District of Oklahoma.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of the ADEA and is expressly authorized

to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by

Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532

(1984), 98 Stat. 2705.

4.      At all relevant times, Defendant, Kanbar Property Management LLC, an

Oklahoma limited liability company, has continuously been doing business in the State of

Oklahoma and has continuously had at least twenty (20) employees.

5.      At all relevant times, Defendant KPM has continuously been an employer

engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and

(h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.    Prior to institution of this lawsuit, the Commission's representatives

attempted to eliminate the unlawful employment practices alleged below and to effect

voluntary compliance with the ADEA through informal methods of conciliation,

conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C.

§ 626(b).

7.    Defendant KPM declined the Commission's offer to conciliate Ms.

Strength's charge of discrimination.  All conditions precedent to the institution of this

lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

8.    On or about October 29, 2010, Defendant KPM engaged in unlawful

employment practices in its Tulsa, Oklahoma offices in violation of Section 4 of the

ADEA, 29 U.S.C. § 623(a)(1) by unlawfully discharging Toni Strength because of her

age, 53, in that:

(a)    At the time of her termination, Toni Strength had worked as a

property manager or in similar positions since 1992 for Defendant

KPM and its predecessor companies;

(b)    At the time of her termination, Toni Strength supervised several

employees, prepared new leases, prepared lease renewals, conducted

vendor and tenant meetings, and submitted monthly reports for each

of the ten buildings assigned to her.  In addition, her duties also

included review of contract renewals for the vendor services provided to each building as well as preparing and submitting annual budgets for each building assigned to her.

(c)     Toni Strength's job performance was consistently rated as "excellent". Prior to her discharge in October of 2010, her last evaluation by KPM in June 2010 rated her as "excellent." She also received a merit pay increase at the time of her June 2010 evaluation.

(d)     On October 1, 2010, Defendant KPM announced to all its employees in Tulsa that Mr. Suhki Ghuman would be taking over as the new chief operating officer (COO) for Kanbar Property Management.

(e)     On October 28, 2010, Mr. Ghuman held an all-employee meeting and laid-off six of KPM's long-time employees, four of whom were over forty (40) years of age. Ms. Strength was not one of the KPM employees selected for the lay-off on October 28, 2010. During this October 28, 2010 meeting, Mr. Ghuman informed the remaining KPM employees that the lay-offs were over.

(f)     The next day, October 29, 2010, Mr. Ghuman called Ms. Strength to a meeting held in the KPM Human Resources office. During the meeting Mr. Ghuman notified her she was being terminated from employment with Defendant KPM and was given a letter explaining the reasons she was being discharged The letter from KPM

4

informed Ms. Strength that "due to a reorganization of services, it has become necessary to reduce the administrative management staff" and that her property manager "position had been eliminated effective October 29, 2010."

(g)     On October 28, 2010, Toni Strength had been responsible as a property manager for Defendant KPM for ten (10) office buildings in downtown Tulsa, Oklahoma, part of the Kanbar Properties, Inc. commercial real estate portfolio.

(h)     On October 28, 2010, Defendant KPM had three (3) Property Manager positions, which were then staffed by Toni Strength, Lisa Brandes and Carol Craig.  These three KPM property managers had been responsible for managing more than two million square feet of office space in downtown Tulsa.  In October of 2010, KPM managed more than thirty (30%) percent of downtown Tulsa real estate in its commercial portfolio, including First Place Tower, the Petroleum Club Building and the Bank of America Tower.   On October 29, 2010, Mr. Ghuman told Toni Strength it only need two property management positions.

(i)     On November 1, 2010, Defendant KPM filled Toni Strength's "eliminated position" with two new property managers: (a) newly hired employee Stephanie Whitener, age 39, a property manager

5

from another company; and, (b) Jackie Heine, age 23, who was

promoted from her previous position as administrative assistant (a

clerical position) to fill a "newly-created property manager position".

Heine had no prior property management experience and had only

been working at KPM as a full-time employee since June of 2010.

(j)     On November 1, 2010, responsibility for the management of the ten

buildings formerly managed by Ms. Strength was distributed to the

KPM property managers as follows: (a) Whitener was assigned four

buildings; (b) Heine was assigned three buildings; and (c) Brandes

absorbed the remaining three buildings.

(k)     The same day Defendant KPM informed Toni Strength that it was

eliminating her property manager position, Mr. Ghuman had already

hired Ms. Whitener, to begin work on November 1, 2010.

(l)     Mr. Ghuman stated to another KPM executive that the reason he

fired Ms. Strength was that he wanted a "younger and prettier"

property manager to meet with and entertain potential tenants after

regular work hours.

9.     The effect of the practices complained of in paragraph 8 above has been to

deprive Toni Strength of equal employment opportunities and otherwise adversely affect

her status as an employee of Defendant KPM because of her age.

10.     The unlawful employment practices complained of in paragraph 8 above

were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant KPM, its officers, successors, assigns and all persons in active concert or participation with it, from discharging employees who are over forty years of age, because of their age.

B.   Order Defendant KPM to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older.

C.   Grant a judgment requiring Defendant KPM to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Toni Strength, whose wages are being unlawfully withheld as a result of the acts complained of above.

D.   Order Defendant KPM to make Toni Strength whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to the reinstatement to her former position as Property Manager, or front pay in lieu of reinstatement.

E.   Grant such further relief as the Court deems necessary and proper in the public interest.

F.   Award the Commission its costs in this action.

7

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

complaint.

RESPECTFULLY SUBMITTED,

**FOR PLAINTIFF U.S. E.E.O.C.:**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

BARBARA A. SEELY
Regional Attorney
St. Louis District Office

C. FELIX MILLER
Supervisory Trial Attorney
St. Louis District Office

s/ Jeff A. Lee
JEFF A. LEE, OBA #13483
Trial Attorney

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Area Office for the State of Oklahoma
215 Dean A. McGee Avenue, Suite 524
Oklahoma City, Oklahoma 73102
Tel No.  405-231-4375
Fax No. 405-231-5816
jeff.lee@eeoc.gov