**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. | **EQUAL EMPLOYMENT** | ) |
| | **OPPORTUNITY COMMISSION,** | ) |
| | | ) |
| | **Plaintiff,** | ) |
| | **and** | ) |
| | | ) |
| **v.** | | )     **12-CV-422-JED-TLW** |
| | | ) |
| 1. | **KANBAR PROPERTY MANAGEMENT,** | ) |
| | **L.L.C.,** | ) |
| | | ) |
| | **Defendant.** | ) |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**WITH BRIEF IN SUPPORT**

Plaintiff, Equal Employment Opportunity Commission (hereafter "EEOC" or the "Commission") files this motion for partial summary judgment pursuant to Fed.R.Civ.P. 56(c). The Commission asserts it is entitled to summary judgment as a matter of law on Defendant Kanbar Property Management L.L.C.'s  (hereinafter "KPM") Third, Fourth and Sixth affirmative defenses, asserted by KPM in its answer to EEOC's Complaint. The three affirmative defenses challenged by the EEOC are: 1) "**Third Affirmative Defense**: The EEOC failed to satisfy its statutory pre-suit obligation by failing to conduct a thorough and reasonable investigation .", 2) "**Fourth Affirmative Defense**: The EEOC failed to satisfy its statutory pre-suit obligation by failing to conciliate in good faith." , and 3) "**Sixth Affirmative Defense**: Strength has failed to fulfill her legal obligation to mitigate any alleged damages".  The EEOC asserts it is entitled to summary judgment as

to all three of these affirmative defenses asserted by the Defendant.  In support of this Motion, the EEOC submits the following:

## I. EEOC'S STATEMENT OF UNDISPUTED FACTS

**PSOF1.** The Defendant asserted the following affirmative defenses in its Answer (P. Ex. 7, pp.4-5):  "**Third Affirmative Defense**: The EEOC failed to satisfy its statutory pre-suit obligation by failing to conduct a thorough and reasonable investigation".  In its response to EEOC's Interrogatory No. 6, the Defendant's premise of a flawed investigation is based on the investigator's failure to interview two (2) individuals, Lisa Brandes and Sukhi Ghuman and the investigator's reliance on the sworn declaration of the former controller of the Defendant who provided direct evidence of the reasons Mr. Ghuman eliminated Ms.  Strength's position.  (P. Ex. 1, *Defendant's Responses to EEOC's Interrogatories*) (P. Ex. 6, *Joe Russell Declaration*, ¶¶4-5).

**PSOF2.** The Defendant's Response to Interrogatory No. 6 does not mention it also had received the sworn Charge of Discrimination of Toni Strength (P. Ex. 2, *EEOC Form 5*), and had produced to the EEOC investigator the following documents in its own response to Strength's Charge of Discrimination: a) Defendant's *Response to EEOC's Request for Information* (P. Ex. 4), b) Defendant's *Statement of Position* (P. Ex. 3), and c) Defendant's *Second Response to EEOC's Request for Information* (P.  Ex.  5).  Of particular note during the investigation, the Defendant itself explained to the EEOC that "Ghuman is no longer involved with KPM and does not live in the United States."  (P.

Ex. 5, p.1, 2(b)).

**PSOF 3.** Regardless of Mr. Ghuman's availability, the information available to the EEOC during its investigation proved a prima facie case of age discrimination: 1) Ms. Strength was over forty years of age when she was informed her position as a Property Manager with KPM was being eliminated (P. Ex. 8, *Letter of Discharge, 10/29/2010*) (P. Ex. 2, *Strength's Form 5*) ; 2) Strength was performing her job well at the time of her elimination (P. Ex. 9, *Performance Evaluation*),  2) she was replaced by Jackie Heine (age 23) and Stefanie Whitener (age 39) (P. Ex. 3, pp.3-4); and 3) the Defendant later changed its reasons for discharge of Strength from "position elimination" to "termination" when responding to the EEOC. (P. Ex. 3, p.4, FN1). In conjunction with the Russell declaration, the investigator had reasonable cause to believe KPM violated Ms. Strength's rights under the ADEA.

**PSOF4.** The Defendant asserted the following affirmative defenses in its Answer ( P. Ex. 7, pp.4-5): . "**Fourth Affirmative Defense**: The EEOC failed to satisfy its statutory pre-suit obligation by failing to conciliate in good faith".  In its response to EEOC's Interrogatory No. 6, the Defendant assumes facts not in evidence as to how the EEOC calculated back pay.  The Defendant was the party who refused to even engage in the conciliation process (P. Ex. 10, *Letter to EEOC from Defendant*, 4/2/2012) and therefore a Notice of Conciliation Failure was issued by the EEOC. (P. Ex.11, *EEOC Notice of Conciliation Failure*, 4/4/2012).

**PSOF5.** The Defendant asserted the following affirmative defenses in its Answer (P. Ex. 7, pp.4-5): "**Sixth Affirmative Defense**: Strength has failed to fulfill her legal obligation to mitigate any alleged damages". In setting out the factual basis for the claims of Strength's failure to mitigate her damages, Defendant's Response to EEOC's Interrogatory No. 4 was that it was the EEOC's "burden to establish Strength had satisfied her duty of mitigation." (P. Ex. 1, p. 12)

**PSOF6.** Strength testified in her deposition that she looked for employment and created a document detailing most of her searches for employment since she left Kanbar Property Management. (P. Ex. 12, *Job Search Document*) (P. Ex. 13, *Deposition of Toni Strength*, 147:17 to 151:19).

**PSOF7**. Defendant has not supplemented its Responses to EEOC's Interrogatory No. 4, 5 or 6; nor has Defendant identified any competent witnesses to testify or rebut the testimony of Toni Strength, supra, with regard to Strength's reasonable efforts to mitigate her damages. Therefore, as the discovery deadline has ended, the Defendant's responses to discovery speak for themselves.  (P. Ex. 1).

## II. STANDARD OF REVIEW FOR PARTIAL SUMMARY JUDGMENT

"Rule 56 provides for summary judgment on particular issues or claims".  ***O'Toole v. Northrop Grumman Corp.***, 305 F.3d 1222, 1227 (10th Cir.2002).  Partial summary judgment "empowers the court to withdraw sham issues from the case and to specify those facts that really cannot be controverted."  Wright, Miller & Kane, ***10B Federal***

*Practice and Procedure, Civil 2d*: *§ 2737*, p. 318 (1998). "A partial summary. . . seems particularly appropriate" to test affirmative defenses. *Id*., p. 321. See *Hutchison v. Pfeil*, 105 F.3d 562, 564 (10th Cir.1997) (internal quotations omitted) ("A [party] may use a motion for summary judgment to test an affirmative defense which entitles that party to judgment as a matter of law."). Use of partial summary adjudication is helpful in narrowing the issues and sorting out contentions that are legitimate from those that are not. *City of Wichita, Kan. v. U.S. Gypsum Co.*, 828 F.Supp. 851, 869 (D.Kan.1993), *aff'd part, rev'd part,* 72 F.3d 1491.

*Public Serv. Co. v. Continental Casualty Co.*, 26 F.3d 1508, 1517 n. 8 (10th Cir. 1994) observed that "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

The EEOC respectfully requests partial summary judgment be granted against the Defendant on its Third, Fourth and Sixth Affirmative Defenses.

## III.  THE EEOC IS ENTITLED TO SUMMARY JUDGMENT ON DEFENDANT'S THIRD AFFIRMATIVE DEFENSE.

The conduct of an EEOC investigation is not an appropriate defense to a claim of employment discrimination under federal law. The ADEA requires that the EEOC provide notice of discrimination to the employer, investigate the allegations, and attempt

to conciliate the matter prior to instituting legal proceedings. 29 U.S.C. §262(a) et seq.  In this case, the EEOC complied with its statutory and regulatory obligations before filing this lawsuit. (PSOF #1 - PSOF #4).

Several courts[1] have determined that inquiries touching on the nature and extent of EEOC investigations are nonjusticiable because the "nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency." *EEOC v. KECO Industries, Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984) (stating "It was error for the district court to inquire into the sufficiency of the Commission's investigation."); *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005) ("The existence of probable cause to sue is generally and in this instance not judicially reviewable"); *Georator Corp. v. EEOC*, 592 F.2d 765, 767 (4th Cir.1979) (holding that EEOC's investigation is not a justiciable issue in a suit by the EEOC).

 As the ADEA provides for a trial *de novo* for parties, once a lawsuit is filed, any attempt by KPM to argue the EEOC investigator did not conduct a sufficient investigation is not relevant, nor a defense. See *EEOC v. Cal. Psych. Transitions, Inc.*, 725 F.Supp.2d 1100, 1112 (E.D.Cal.2010) (rejecting defendant's argument EEOC should have "done more" in its investigation, stating "[w]hether the EEOC could or should do more is within the discretion of the EEOC." ); see also *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d

---

[1]    The interpretation of the EEOC's role or methods in investigating ADEA charges are analyzed in a similar manner as Title VII or ADA charges of discrimination. See *Shikles v. Sprint/United Management Company*, 426 F.3d 1304, 1308 (10th Cir. 2005).

657, 674 (8th Cir. 2012) ("[A]s a general rule, 'the nature and extent of an EEOC

investigation into a discrimination claim is a matter within the discretion of that

agency'").

During the investigative process, it was KPM's own responses and its failure to

preserve employment records related to the underlying charge of discrimination which

impeded the underlying investigation.  (See PSOF ##1- 2).  KPM's own responses

admitted the elemental facts of establishing an age discrimination claim; i.e., Toni

Strength was fifty-three (53) years of age at the time KPM made the decision to eliminate

her from employment, KPM confirmed she was doing a good job in her position as

Property Manager at the time, and she was replaced by two persons under forty years of

age, Jackie Heine (23) and Stefanie Whitener (39).  (PSOF #3).  The Defendant admits in

its interrogatory responses that the EEOC relied upon an affidavit obtained from the

former controller of KPM, Joe Russell, who provided direct evidence the decision-maker

(Ghuman) was motivated to eliminate Toni Strength because he wanted someone

"younger and prettier" in that Property Manager position.  (PSOF ##1-3). Given the

above facts before the EEOC at the conclusion of the investigation, and the failure of

KPM to produce documents in its own defense during the EEOC investigation, a finding

of age discrimination was a reasonable determination made in good faith by the EEOC.

As one court succinctly stated:

> [The] EEOC's determination of reasonable cause and the nature of its
> investigation are completely discretionary [and it] is not required to create a

record or hold any sort of hearing. It is permitted to gather any evidence it deems appropriate. . . . The only issue for the Court, therefore, is whether there has been a violation of the statute and not whether the [EEOC] had reasonable cause to believe that there was a violation. . . . This Court therefore holds that no pre-merits judicial inquiry into the basis for EEOC's investigative findings is proper in the ensuing Title VII action.

***Chicago Miniature Lamp Works***, 526 F.Supp at 975-76 & n.2 (N.D.Ill. 1981).

And regardless of any investigation and determination by the EEOC, a trial of EEOC's claim on behalf of Toni Strength is *de novo*, ***Smith v. Universal Svcs. Inc***., 454 F.2d 154, 157 (5th Cir. 1972). Any final determination on whether KPM discriminated against Strength is for a jury and the trial judge, who must find the facts and draw legal conclusions from them, independent of any administrative determination by the EEOC. ***Dickerson v. Metropolitan Dade County***, 659 F.2d 574, 579 (5th Cir. 1981). ***McDonnell-Douglas v. Green***, 411 U.S. 792, 799 (1973) (Regardless of the EEOC's determination on the merits of a charge, "in view of the large volume of complaints before the Commission and the nonadversary character of many of its proceedings, 'court actions under Title VII are *de novo* proceedings'").

The EEOC respectfully submits it is entitled to judgment on Defendant's Third Affirmative defense.

## IV.  THE EEOC IS ENTITLED TO SUMMARY JUDGMENT ON THE FOURTH AFFIRMATIVE DEFENSE OF FAILURE TO CONCILIATE IN GOOD FAITH.

The failure to conciliate has been found to be a condition precedent to filing suit, but not a jurisdictional claim nor an affirmative defense.  The Tenth Circuit has ruled

squarely on this issue in an ADEA case stating, "Accordingly, we have refused to dismiss cases where the EEOC failed to exhaust fully its duty to conciliate because to do so would severely hamper enforcement of the ADEA and would be "incompatible with the humanitarian nature of the act." ***EEOC v. Prudential Federal Savings and Loan Association***, 763 F.2d 1166, 1169 (10th Cir. 1985); citing to ***Marshall v. Sun Oil***, 592 F.2d 563, 566 (10th Cir. 1979).

In ***EEOC v. Zia Company***, 582 F.2d 527, 533 (10th Cir. 1978), the Tenth Circuit held that the failure to conciliate by the EEOC would not rob the court of jurisdiction over a case, rather, "The inquiry into the duty of "good faith" on the part of the EEOC is relevant to whether the court should entertain the claim, or stay the proceedings for further conciliation efforts, not to its power over the cause." The EEOC has fulfilled its statutory duty to conciliate if it outlines to the employer the reasonable cause for its belief that the ADEA has been violated, offers an opportunity for voluntary compliance, and responds in a reasonable and flexible manner to the reasonable attitudes of the employer. See, ***EEOC v. Prudential Federal Savings and Loan Association***, 763 F.2d at 1168.

In present case, the EEOC had sent a letter to the employer offering an opportunity to engage in the conciliation process; and, KPM response was that it chose not to engage in the conciliation process. KPM's choice not to engage in conciliation was based on its *own assumptions* as to the factual basis for the EEOC's offer to engage letter. (PSOF #4).

KPM' s reasons for refusing to engage in conciliation reflect the typical facts and

questions usually exchanged between the parties acting in good faith during any attempts to mediate, settle or resolve an employment law case. (See P. Ex. 1, PSOF #4). These same questions for which it could have sought an answer from the EEOC had it engaged in the conciliation process, KPM now seeks to hold the EEOC accountable for information which would have likely been shared had KPM itself chosen to conciliate the charge of discrimination . Further, as the Defendant has offered no other evidence in support of its Fourth Affirmative Defense other than its Letter rejecting conciliation and its Responses to EEOC Interrogatory No. 5 (PSOF #4), the EEOC should not be held accountable for the choices decisions of the Defendant. judgment should be granted to the EEOC.

While the Court can certainly review whether EEOC offered conciliation by reviewing Defendant's letter refusing to engage in conciliation and the Notice of Failure of Conciliation, more searching review of the conciliation process flies in the face of the ADEA's statutory language. It is well-settled in the Tenth Circuit that the EEOC's failure to conciliate in good faith is not a defense to liability. *Beverage Distributors Co., LLC*, 2012 WL 6547782 (D.Colo., 2012); *EEOC v. JBS USA, LLC*, 794 F.Supp.2d 1188, 1198 (D.Colo.2011) ("In the Tenth Circuit, if there has been any attempt at conciliation, the action cannot be dismissed for failure to attempt conciliation"); *Prudential Fed. Sav*., 763 F.2d at 1169 (10th Cir. 1985); *Zia Company*, 582 F.2d at 533 (10th Cir. 1978) (recognizing the Court should not get involved in examining the details of the parties'

offers and counteroffers in conciliation).

As the evidence supports the offer of conciliation by the EEOC and the refusal by the Defendant to engage in conciliation process, the EEOC respectfully requests judgment on Defendant's Fourth Affirmative Defense.

## V.  THE EEOC IS ENTITLED TO SUMMARY JUDGMENT ON THE DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE.

The EEOC acknowledges that employees claiming entitlement to back pay and benefits are required to make reasonable efforts to mitigate damages. ***EEOC v. Sandia Corp.***, 639 F.2d 600, 627 (10th Cir.1980).  The EEOC, through the testimony of Strength about her job search for the last couple of years, has satisfied this burden of proof. (PSOF #5).

However, a claim that the plaintiff (or Strength in this matter) has failed to mitigate her damages is an affirmative defense to be pled and proven by the defendant. ***Eastman Kodak Co. v. Westway Motor Freight, Inc.***, 949 F.2d 317, 320 (10th Cir.1991) (internal citations omitted):

> "The defendant has the burden to prove that the plaintiff did not exercise reasonable diligence in mitigating its damages [and] [t]he aggrieved party need only take reasonable steps under the circumstances of the particular case to mitigate its damages. . .".

***Also see Spulak v. K Mart Corp.***, 894 F.2d 1150, 1158 (10th Cir.1990) wherein the Court instructed that "... A claimant need only make a reasonable and good faith effort, and is not held to the highest standards of diligence. . . The burden is on the employer to

establish that the claimant did not exercise reasonable diligence...".   Defendants' burden

involves more than merely criticizing the plaintiff's decisions; it requires the affirmative

production of evidence to show that additional reasonable efforts would have created a

different result. In *EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir.1980) the Tenth

Circuit (citing *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir.1978))

held:

> "In order to satisfy the burden [of proving failure to mitigate], `the
> defendant must establish (1) that the damage suffered by plaintiff could
> have been avoided, i.e. that there were suitable positions available which plaintiff
> could have discovered and for which he was qualified; and (2) that plaintiff failed
> to use reasonable care and diligence in seeking such a position.'"

Our circuit has specifically held that the failure to prove that other suitable jobs were

available precludes such a defense; specifically the Court explained in *Wilson v. Union

Pacific Railroad Co.*, 56 F.3d 1226, 1232 (10th Cir.1995):

> [T]he trial court's refusal to instruct the jury on mitigation does not amount to an
> abuse of discretion because the evidence was inadequate to support a mitigation
> instruction. Mr. Wilson's general failure to seek employment for eighteen months
> before trial does not alone suffice to justify a mitigation instruction; ***the defendant
> must also show that appropriate jobs were available***. [emphasis added].

In our case, the EEOC has proven that Strength continues to seek other

employment as she testified (PSOF #6); however, Defendant has failed to provide any

evidence that there were suitable positions available which she could have discovered and

for which she was qualified; i.e., the Defendant has not supplemented its discovery

responses nor provided any documents relevant to this issue during the period of

discovery.  (PSOF ##5-7).  An unpublished decision from the Court for the Western District of Oklahoma is persuasive on the issue that the Defendant must come forward with evidence to support its affirmative defense, ***Vorwald v. Laboratory Corporation of America[2]***, Civ-04-1661-R, (WDOK, November 2, 2005).  The Court in ***Vorwald*** held the Defendants must prove: 1) the existence of suitable positions which Plaintiff could have discovered and for which she was qualified; and 2) evidence that Plaintiff failed to use reasonable diligence in seeking such a position.

Since the Defendant has offered no evidence on either element, Defendant's Sixth Affirmative Defense necessarily fails and should not be submitted to the jury.  The EEOC respectfully requests judgment on Defendant's Sixth Affirmative Defense.

## VI.  CONCLUSION

As the three affirmative defenses raised by Defendant have not been supported by any evidence, judgment to the EEOC should be granted on the following affirmative defense and not allowed to go to the jury:

1) "Third Affirmative Defense: The EEOC failed to satisfy its statutory pre-suit obligation by failing to conduct a thorough and reasonable investigation .",

2) "Fourth Affirmative Defense: The EEOC failed to satisfy its statutory pre-suit obligation by failing to conciliate in good faith." , and

3) "Sixth Affirmative Defense: Strength has failed to fulfill her legal obligation to

---

[2] Attached hereto as Plaintiff's Exhibit 14.

mitigate any alleged damages".

      **WHEREFORE**, the EEOC respectfully requests that the Court grant the EEOC's

motion for partial summary judgment as to each of the affirmative defenses listed above.

      **RESPECTFULLY SUBMITTED THIS <u>8th</u> DAY OF APRIL, 2013.**

s/  *Jeff A. Lee*           
Jeff A. Lee, OBA #13483
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4375
(405) 231-5816 (fax)
jeff.lee@eeoc.gov

*Counsel for Plaintiff Equal Employment
Opportunity Commission*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 8th Day of APRIL 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a notice of Electronic Filing to the following ECF registrants:

Kathy R. Neal,
McAFEE & TAFT
1717 S. Boulder, Suite 900
Tulsa, OK 74119
(918) 574-3003 (Telephone)
(918) 574-3103 (Facsimile)

*Attorneys for Defendant KPM Property
Management, L.L.C.*

                        _s/ *Jeff A. Lee*_____
                             JEFF A. LEE

## INDEX OF EXHIBITS

| No. | DESCRIPTION |
|---|---|
| 1 | Defendant's Responses to EEOC's Request for admissions and Interrogatories. |
| 2 | EEOC Form 5, Toni Strength's Charge of Discrimination |
| 3 | Defendant's Statement of Position to the EEOC |
| 4 | Defendant's Response to EEOC's Request for Information |
| 5 | Defendant's 2nd Response to EEOC's Request for Information |
| 6 | Joe Russell Declaration |
| 7 | Defendant's Answer |
| 8 | Toni Strength's Letter of Discharge, 10/29/2010 |
| 9 | Performance Evaluation of Toni Strength, June 2010 |
| 10 | Letter to EEOC from Defendant, 4/2/2012 |
| 11 | EEOC Notice of Conciliation Failure, 4/4/2012 |
| 12 | Job Search Document of Toni Strength |
| 13 | Deposition of Toni Strength |
| 14 | *Vorwald v. Laboratory Corporation of America*, Civ-04-1661-R, *unpublished* (WDOK, November 2, 2005) |