# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 12-CV-422-JED-TLW |
| (1) KANBAR PROPERTY MANAGEMENT, L.L.C., | |
| Defendant. | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action against Kanbar Property Management L.L.C. (hereinafter, "Defendant"), alleging that Defendant discharged Toni Strength in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1) ("ADEA").

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

The parties acknowledge that the settlement of this lawsuit and entry of this Consent Decree with Defendant's consent, is not and shall not be construed as an admission that Defendant has violated the ADEA.

THEREFORE, it is the finding of this Court, made on the pleadings, the record as a whole, and upon agreement of the parties, that (i) this Court has jurisdiction over the parties to and the subject matter of this action; (ii) the requirements of the ADEA will be carried out by the implementation of this Decree; (iii) this Decree is intended to and does resolve all

matters in controversy in this lawsuit between the parties; and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. General Provisions

1. Defendant shall not discriminate against any applicant or employee because of their age.

2. Defendant shall not discriminate against any employee, former employee, or applicant because such employee or applicant has opposed any practices alleged in this lawsuit to be unlawful under the ADEA, has participated in an investigation related to this lawsuit, has participated in this lawsuit, and/or has benefited in any way as a result of this Consent Decree.

## II. Relief for Toni Strength

3. Defendant agrees to pay in settlement of all claims alleged against it by the EEOC on behalf of Toni Strength a total of **$ 140,000.00**, such sum representing backpay damages. One check, representing backpay, shall be made payable to Ms. Strength in the amount of **$ 140,000.00**, less any deductions for the employee's portion of applicable federal, state or local tax withholdings. The check shall be made payable to Toni Strength and shall be delivered to her by means of hand-delivery or certified mail, return receipt requested within fifteen (15) days of the entry of this Decree. Defendant shall provide Jeff Lee of the Oklahoma Area Office, 215 Dean A. McGee, Suite 524, Oklahoma City, Oklahoma 73102 with copies of the checks within fifteen (15) days of mailing. The General Release (attached hereto as Exhibit B) in accord with EEOC policy will be executed by Charging Party, Toni Strength, upon execution of this Consent Decree.

### III. Injunctive Relief

4        Within sixty (60) days of the Court's entry of the Consent Decree, Defendant shall provide a copy of its anti-discrimination policy which includes the recognition that employees in the work force over the age of forty contribute significantly to a company's bottom line.  Such policy will be made a part of any employee handbook when it is next revised, if not already included, or no later than ninety (90) days from the entry of this Decree, whichever is earlier.  Defendant shall also provide a copy of the anti-discrimination policy to all new employees upon hire until the employee handbook is revised to include the statement regarding the contribution of older workers in the work place.

5.        Within sixty (60) days of the entry of this Consent Decree, Defendant shall provide all Managers with a copy of its anti-discrimination policy, with the new language referenced in Paragraph 4 above.   Further, Defendant will provide four (4) hours live training on the Age Discrimination in Employment Act (ADEA) to all managers and supervisors with hiring and firing authority.

### IV. Posting of Required Notices

6.        Within sixty (60) days of the Court's entry of the Consent Decree, Defendant shall post in its office the notice attached hereto as Exhibit A.  Such notice shall be posted on the employee bulletin board or other similar conspicuous location where notices to employees and/or applicants are customarily posted.  It shall remain posted throughout the duration of the Decree and shall be replaced immediately if removed or defaced.

### V.  Reporting and Monitoring

7.        Within ninety (90) days of the entry of the Consent Decree, Defendant shall provide written notice to the EEOC of compliance with the requirements set forth in

Sections III and IV of the Consent Decree to the St. Louis Regional Attorney of the Equal Employment Opportunity Commission, c/o Jeff A. Lee Oklahoma City Area Office, 215 Dean A. McGee Ave., Room 524, Oklahoma City, OK 73102.

## VI. Term and Effect of Decree

8. By entering into this Consent Decree, the parties do not intend to resolve any charges of discrimination other than the charge filed by Toni Strength that created the jurisdictional foundation for the Complaint filed in this case.

9. This Decree shall be binding upon the parties hereto, their successors and assigns.

10. This Decree shall be in force for a period of three (3) years. During the Consent Decree's term, the Court shall retain jurisdiction of this case for purposes of enforcement of the Consent Decree. The term of the Consent Decree can be extended only upon a showing that Defendant has substantially failed to comply with a material term of the Consent Decree after having been given notice of any such failure to comply and a reasonable opportunity to correct any such non-compliance.

11. Each party shall bear its own costs and attorneys' fees.

DATE: September 4, 2013

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

FOR PLAINTIFF:

BARBARA A. SEELY
Regional Attorney

C. Felix Miller
Supervisor Trial Attorney

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
(314) 539-7910
(314) 539-7895   FAX

_s/ Jeff A. Lee_____
JEFFREY A. LEE, OBA No. 13483
Senior Trial Attorney
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
215 Dean A. McGee, Suite 524
Oklahoma City, Oklahoma 73102
(405) 231-4375
(405) 231-5816 FAX


FOR DEFENDANT:

_s/ Kathy R. Neal_____
(*signed with authorization from Kathy R. Neal on 9/3/2013*)
Kathy R. Neal, OBA No. 674
Jessica L. Dickerson, OBA No. 21500
**McAFEE & TAFT**
1717 S. Boulder, Suite 900
Tulsa, OK 74119
(918) 574-3020 (Telephone)
(918) 574-3120 (Facsimile)

Attorneys for Defendant KPM Property Management, L.L.C.



KANBAR
PROPERTIES

# EXHIBIT A

## NOTICE TO EMPLOYEES

This notice is being posted pursuant to a Consent Decree entered to resolve a claim of Age Discrimination in the case of *Equal Employment Opportunity Commission v Kanbar Property Management LLC,* Case No. 12-CV-422-JED-TLW, on file in the United States District Court for the Northern District of Oklahoma.

The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, makes it unlawful to discharge any individual or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's age.

Kanbar Property Management LLC supports and will comply with the ADEA in all respects and will make every effort to not take into account an individual's age when company decisions are being made in consideration of an employee or applicant.

Employees also are free to make inquiries or complaints about Kanbar's failure to comply with the ADEA to the EEOC, c/o Oklahoma City Area Office, 215 Dean A. McGee Ave., Room 524, Oklahoma City, OK 73102; Phone: (405) 231-4911 or nationwide: 1-800-669-4000 any other EEOC office; or obtain information about your employment law rights at info@eeoc.gov and http://www.eeoc.gov.

_____
John A. Price, President
Kanbar Property Management LLC

## EXHIBIT B

## RELEASE OF CLAIMS

In consideration for $ 140,000.00 (one hundred and firty thousand dollars) paid to me by Kanbar Property Management LLC, in connection with the resolution of EEOC v. Kanbar Property Management LLC, Civil Case No.: 12-CV-422-JED-TLW, I waive my right to recover for any claims of activities made unlawful under the ADEA that I had against Kanbar Property Management, LLC prior to the date of this release and that were included in the claims alleged in EEOC's complaint.

Date: Aug. 30, 2013

_____
Toni Strength, Charging Party